# EXHIBIT A

## Proposed Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QUESTEX MEDIA GROUP, INC., et al.,[1] | ) | Case No. 09-13423 (MFW) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Ref. Docket No. _____ |

## ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order") establishing procedures for interim compensation and reimbursement of expenses for professionals and members of official committees; it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Questex Media Group, Inc. (5500); FierceMarkets, Inc. (6826); InfoTrends, Inc. (0297); InfoTrends Research Group, Inc. (9131); Oxford Communication, Inc. (0786); Oxford Publishing, Inc. (6012); QMG Holdings, Inc. (3042); Questex Brazil, LLC (3187); and Show Events, Inc. (6352). The location of the corporate headquarters for Questex Media Group, Inc. and the service address for all of the Debtors is: 275 Grove Street, Suite 2-130, Newton, Massachusetts 02466.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1. The Motion is granted.

2. Except as may otherwise be provided in orders of the Court authorizing the retention of specific professionals, all professionals retained by the Debtors, and any official committee in the Chapter 11 Cases pursuant to an order of the Court may seek compensation for professional services rendered and reimbursement of expenses incurred in accordance with the Interim Compensation Procedures as set forth below:

    a. No earlier than the 25th day of each month following the month for which compensation is sought, each Professional seeking interim allowance of its fees and expenses may file an application (including the relevant time entry and description and expense detail) with the Court for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "Monthly Fee Application"), and serve such Monthly Fee Application on the following parties: The Debtors, Questex Media Group, Inc., 275 Grove Street, Suite 2-130, Newton, Massachusetts, 02466, Attn: Thomas E. Caridi; Co-Counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: James A. Stempel and Erik W. Chalut; Co-Counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19801, Attn: Michael R. Nestor; The Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801; Counsel to the agent for the Debtor in Possession Lenders, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Joseph H. Smolinsky, and Counsel to any official committee appointed in the Chapter 11 Cases (the "Key Notice Parties"). All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

    b. Each Key Notice Party will have fifteen (15) days after service of a Monthly Fee Application to object thereto (the "Objection Deadline"). If no objections are raised prior to the expiration of the Objection Deadline, the Professional submitting the Monthly Fee Application shall file a certificate of no objection with the Court, after which the Debtors shall be authorized to pay such Professional an amount equal to 80% of the fees and 100% of the expenses requested in its Monthly Fee Application (the "Maximum Interim Payment"). If an objection is properly filed, the Debtors shall be authorized to pay the Professional 80% of the fees and 100% of the expenses not subject to an objection (the "Actual Interim Payment"). The first Monthly Fee Application submitted by each Professional shall cover the period from the Petition Date through and including March 31, 2009.

c.  If any Notice Party objects to a Professional's Monthly Fee Application, it must, on or before the expiration of the Objection Deadline, file with the Court and serve on such Professional and each other Notice Party a written objection (the "Objection") so as to be received on or before the Objection Deadline. Any such Objection shall identify with specificity the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses, and the basis for such Objection. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution within 20 days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Interim Payment and the Actual Interim Payment made to such Professional (the "Incremental Amount"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and rule on the Objection if requested by the parties.

d.  From the Petition Date through December 31, 2009, and continuing at each three month period thereafter, each Professional shall file with the Court and serve an application (an "Interim Fee Application") for interim allowance of compensation and reimbursement of expenses sought in the Monthly Fee Applications filed during such three month period (the "Interim Fee Period") pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application must identify the covered Monthly Fee Applications and include any other information requested by the Court or required by the Local Rules. Interim Fee Applications shall be filed with the Court and served within forty-five (45) days after the end of the applicable Interim Fee Period. Each Professional shall file its first Interim Fee Application on or before February 15, 2009, and the first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including December 31, 2009.

e.  The Debtors shall request that the Court schedule a hearing on Interim Fee Applications at least once every six (6) months or at such other intervals as the Court deems appropriate.

f.  The pendency of an Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses pursuant to the Compensation Procedures.

g.  Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures, nor (ii) the filing of or the failure to file an Objection to any Monthly Fee Application or Interim Fee Application will bind any party in interest or the Court with respect to the allowance of

3

interim or final applications for compensation for services rendered and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals in accordance with the Compensation Procedures are subject to disgorgement until final allowance by the Court.

3. Each member of the Committee shall be permitted to submit statements of expenses and supporting vouchers to the Committee's counsel, which shall collect and submit such requests for reimbursement in accordance with the Compensation Procedures; <u>provided, however</u>, that Committee members' requests for reimbursement of attorneys' fees must be made by separate application and scheduled for hearing upon proper notice.

4. Service of the Monthly Fee Applications, Interim Fee Applications, final fee applications and Hearing Notices is approved as follows: (i) the Notice Parties shall be entitled to receive the Monthly Fee Applications, Interim Fee Applications, final fee applications, and Hearing Notices and (ii) the parties in interest requesting notice pursuant to Bankruptcy Rule 2002 shall be entitled to receive only the Interim Fee Applications and Hearing Notices.

5. All notices given in accordance with the Interim Compensation Procedures shall be deemed sufficient, adequate, and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the local rules of the Court.

6. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Wilmington, Delaware
Date: October ____, 2009

Mary F. Walrath
United States Bankruptcy Judge