# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| QUESTEX MEDIA GROUP, INC., et al.,[1] | ) Case No. 09-13423 (MFW) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) Objection Deadline: October 19, 2009 at 4:00 p.m. (ET) |
| | ) Hearing Date: October 26, 2009 at 3:00 p.m. (ET) |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move the Court, pursuant to this Motion (this "Motion"), for the entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the Debtors to retain and compensate certain professionals utilized in the ordinary course of the Debtors' business. In support of this Motion, the Debtors respectfully state as follows.

### Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Questex Media Group, Inc. (5500); FierceMarkets, Inc. (6826); InfoTrends, Inc. (0297); InfoTrends Research Group, Inc. (9131); Oxford Communication, Inc. (0786); Oxford Publishing, Inc. (6012); QMG Holdings, Inc. (3042); Questex Brazil, LLC (3187); and Show Events, Inc. (6352). The location of the corporate headquarters for Questex Media Group, Inc. and the service address for all of the Debtors is: 275 Grove Street, Suite 2-130, Newton, Massachusetts 02466.

3. The statutory bases for the relief sought herein are sections 105(a), 327, 328, 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

4. On October 5, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On October 6, 2009, an order was entered directing procedural consolidation and joint administration of these chapter 11 cases (the "Chapter 11 Cases"). No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases and no committees have been appointed.

## The Ordinary Course Professionals

5. The Debtors retain various attorneys, accountants, and other professionals in the ordinary course of their business (each, an "OCP," and collectively, the "OCPs"). The OCPs provide services for the Debtors in a variety of matters unrelated to the Chapter 11 Cases, including, but not limited to, legal services with regard to specialized areas of the law, accounting and auditing services, and certain other services.

## Relief Requested

6. The Debtors seek an order of the Court, pursuant to sections 105(a), 327, 328, 330, and 331 of the Bankruptcy Code, to continue, in their sole discretion, to retain and compensate the OCPs listed on Exhibit B attached hereto (the "OCP List").

7. The Debtors seek permission to continue to employ the OCPs postpetition without the need for each OCP to file formal applications for retention and compensation pursuant to sections 327, 328, 330, and 331 of the Bankruptcy Code. Due to the number of OCPs that are

regularly retained by the Debtors, it would be unwieldy and burdensome to both the Debtors and this Court to request each such OCP to apply separately for approval of its employment and compensation. Additionally, the Debtors do not believe that section 327 of the Bankruptcy Code requires such approval, but out of an abundance of caution, the Debtors request the relief sought herein.

8. The Debtors request that they be permitted to employ the OCPs, effective as of the Petition Date, on terms substantially similar to those in effect prior to the Petition Date and in accordance with the procedures for retention and compensation of OCPs as set forth below (collectively, the "OCP Procedures").

    a.    Within thirty days of entry of this Order, or within thirty days of the filing of a supplemental list of OCPs pursuant to subparagraph (g), infra, each OCP shall file with the Court and serve a declaration pursuant to Federal Rule of Bankruptcy Procedure 2014(a) (each, a "Rule 2014 Declaration") substantially in the form attached hereto as Exhibit C upon: (i) the Debtors, Questex Media Group, Inc., 275 Grove Street, Suite 2-130, Newton, MA 02466, Attn: Thomas E. Caridi; (ii) co-counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: James A. Stempel and Erik W. Chalut; (iii) co-counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware, 19801, Attn: Michael R. Nestor; (iv) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801; and (v) counsel to any official committee appointed in the Chapter 11 Cases; (collectively, the "Notice Parties").

    b.    The Notice Parties shall have fifteen (15) days after the filing and service of a Declaration (or such later date agreed to by the Debtors) to object to the retention of the OCP filing such declaration (the "Objection Deadline"). Any objecting party shall serve its objection upon the Notice Parties and the relevant OCP on or before the Objection Deadline. If an objection cannot be resolved within fifteen (15) days after the Objection Deadline, then the retention of the OCP that is the subject of the objection shall be scheduled for hearing by the Debtors at the next regularly scheduled omnibus hearing date that is no less than twenty (20) days from that date or on a date otherwise agreed to by the parties.

The Debtors shall not be authorized to retain and pay such OCP until all outstanding objections have been withdrawn, resolved or overruled by order of the Court.

c. If no objection is received from any of the Notice Parties by the Objection Deadline with respect to an OCP, the Debtors shall be authorized to retain and pay that OCP in accordance with these OCP Procedures.

d. The Debtors are authorized to retain an OCP employed pursuant to the procedures established herein and pay such OCP, without formal application to the Court by any OCP, 100% of fees and disbursements to each OCP after such OCP submits to the Debtors an appropriate invoice setting forth in reasonable detail the nature of the services to be rendered after the Petition Date; *provided, however*, that each OCP's fees, excluding costs and disbursements, do not exceed $50,000.00 per month on average over a rolling three-month period while the Chapter 11 Cases are pending (the "OCP Cap").

e. Any payments to an OCP in excess of the OCP Cap shall be subject to prior approval of the Court in accordance with sections 330 and 331 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et. seq.*, the Federal Rules of Bankruptcy Procedure, the Local Rules of the Bankruptcy Court for the District of Delaware, the Fee Guidelines promulgated by the Executive Office of the United States Trustee, and any applicable orders of the Court.

f. Beginning on January 1, 2010, for the preceding three-month period October 5, 2009 - December 31, 2009, and in three-month increments thereafter in which these chapter 11 cases are pending, the Debtors shall file with the Court and serve on the Notice Parties a statement with respect to each OCP paid during the immediately preceding three-month period. Each OCP statement shall include the following information as to each OCP: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported quarter; and (iii) a general description of the services rendered by that OCP.

g. The Debtors reserve the right to retain additional OCPs from time to time during the Chapter 11 Cases by (i) including such OCPs on a supplemental version of <u>Exhibit B</u> attached to the *Debtors' Motion for Entry of An Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business* that is filed with the Court and served on the Notice Parties within fifteen (15) days of the inception of the

employment of the OCPs listed thereon and (ii) having such OCPs comply with the OCP Procedures.

9. Furthermore, the Debtors propose to retain an OCP and pay such OCP, without formal application of the Court by any OCP, 100% of fees and disbursements to each of the OCPs retained by the Debtors after such OCP (a) files with the Court a declaration of disinterestedness that is served upon: (i) the Debtors; (ii) the Debtors' proposed co-counsel; (iii) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"); and (iv) counsel to any official committee appointed in the Chapter 11 Cases; and (b) submits to the Debtors an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; *provided, however* that each OCP's fees, excluding costs and disbursements, do not exceed the OCP Fee Cap.

10. Any payments to an OCP in excess of the OCP Fee Cap shall be subject to prior approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the Bankruptcy Court for the District of Delaware (the "Local Rules"), the Fee Guidelines promulgated by the Executive Office of the U.S. Trustee, and any applicable orders of the Court, unless the U.S. Trustee agrees otherwise.

11. Additionally, the Debtors seek to reserve the right to retain additional OCPs from time to time during these cases by (a) including such OCPs on a supplemental version of Exhibit B attached hereto that is filed with the Court and served on the Notice Parties and (b) having such OCPs comply with the OCP Procedures.[2]

---

[2] Except as authorized by the Court, the OCP Procedures shall not apply to professionals retained by the Debtors pursuant to separate orders of the Court.

5
DB02:8816219.1                                                                                                   068808.1001

## Basis for Relief

12. The Debtors respectfully submit that the continued retention and compensation of the OCPs is in the best interests of their estates, creditors, and other parties-in-interest. While some OCPs may wish to continue to represent the Debtors on an ongoing basis, others may be unwilling to do so if the Debtors cannot pay them on a regular basis. Without the background knowledge, expertise, and familiarity that the OCPs have relative to the Debtors and their operations, the Debtors undoubtedly would incur additional and unnecessary expenses in educating replacement professionals about the Debtors' business and financial operations. Moreover, the Debtors' estates and their creditors are best served by avoiding any disruption in the professional services that are required for the day-to-day operation of the Debtors' business. Additionally, in light of the number of OCPs and the significant costs associated with the preparation of retention applications for professionals who will receive relatively modest fees, the Debtors submit that it would be impractical, inefficient, and extremely costly for the Debtors and their legal advisors to prepare and submit individual applications and proposed retention orders for each OCP. Likewise, the procedure outlined above will relieve the Court and the U.S. Trustee of the burden of reviewing numerous fee applications involving relatively small amounts of fees and expenses.

13. The Debtors submit that this process is necessary to avoid any disruption in the professional services that are required for the day-to-day operation of the Debtors' business while ensuring that the fees and expenses for the OCPs are effectively monitored.

14. Additionally, the Debtors represent that: (a) the retention of the OCPs is necessary for the day-to-day operations of the Debtors' business; (b) expenses for the OCPs will be monitored; and (c) the OCPs will not perform substantial bankruptcy-related services without filing an application with this Court for separate retention as a non-ordinary course professional.

DB02:8816219.1

068808.1001

15. Although some of the OCPs may hold minor amounts of unsecured claims against the Debtors in respect of prepetition services rendered, the Debtors do not believe that any of the OCPs have an interest materially adverse to the Debtors, their creditors, or other parties-in-interest. By this Motion, the Debtors are not requesting authority to pay prepetition amounts owed to any OCPs.

16. Moreover, courts in this district and others have routinely granted the same or similar relief to chapter 11 debtors in other large chapter 11 cases. *See, e.g., In re Masonite Corp.*, Case No. 09-10844 (PJW) (Bankr. D. Del. Apr. 14, 2009); *In re Muzak Holdings LLC*, Case No. 09-10422 (KJC) (Bankr. D. Del. March 12, 2009); *In re Portola Packaging, Inc.*, Case No. 08-12001 (CSS) (Bankr. D. Del. Sept. 19, 2008); *In re Hines Horticulture, Inc.*, Case No. 08-11922 (KJC) (Bankr. D. Del. Sept. 9, 2008); *In re Vertis Holdings, Inc.*, Case No. 08-11460 (CSS) (Bankr. D. Del. Aug. 12, 2008); *In re ACG Holdings, Inc.*, Case No. 08-11467 (CSS) (Bankr. D. Del. Aug. 11, 2008); *In re Tropicana Entm't, LLC*, Case No. 08-10856 (KJC) (Bankr. D. Del. May 30, 2008).

## Notice

17. Notice of this Motion has been given to: (a) the Office of the United States Trustee for the District of Delaware; (b) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) counsel to the agent for the Debtors' prepetition first lien lenders; (d) counsel to the agent for the Debtors' prepetition second lien lenders; (e) the Internal Revenue Service; and (f) the Securities and Exchange Commission. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

18. No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, (a) authorizing the Debtors to retain and compensate OCPs in accordance with the OCP Procedures and (b) granting such other further relief as is just and proper.

Wilmington, Delaware
Dated: October 9, 2009

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

/s/ Michael R. Nestor

Michael R. Nestor (DE Bar No. 3526)
Donald J. Bowman, Jr. (DE Bar No. 4383)
Robert F. Poppiti, Jr. (DE Bar No. 5052)
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email:  mnestor@ycst.com
  dbowman@ycst.com
  rpoppiti@ycst.com

- and -

**KIRKLAND & ELLIS LLP**
James A. Stempel (*pro hac vice* pending)
Erik W. Chalut (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:  james.stempel@kirkland.com
  erik.chalut@kirkland.com

Proposed Co-Counsel to the Debtors
and Debtors in Possession