# UNITED STATES BANKRUPTCY COURT
## _____ DISTRICT OF _____

In re **Questex Media Group, Inc.**
Debtor

Case No. **09-13423 (MFW)**

## INITIAL MONTHLY OPERATING REPORT
File report and attachments with Court and submit copy to United States Trustee within 15 days after order for relief.

Certificates of insurance must name United States Trustee as a party to be notified in the event of policy cancellation.
Bank accounts and checks must bear the name of the debtor, the case number, and the designation "Debtor in Possession."
Examples of acceptable evidence of Debtor in Possession Bank accounts include voided checks, copy of bank deposit
agreement/certificate of authority, signature card, and/or corporate checking resolution.

| REQUIRED DOCUMENTS | Document Attached | Explanation Attached |
|---|---|---|
| ~~12-Month~~ Cash Flow Projection (Form IR-1) *(13 Week)* | X | Budget Attached |
| **Certificates of Insurance:** | | |
| Workers Compensation | X | |
| Property | X | |
| General Liability | X | |
| Vehicle | X | |
| Other: | | |
| Identify areas of self-insurance w/liability caps | | |
| **Evidence of Debtor in Possession Bank Accounts** | X | |
| Tax Escrow Account | N/A | |
| General Operating Account | | |
| Money Market Account pursuant to Local Rule 4001-3. Refer to http://www.deb.uscourts.gov/ | | |
| Other: | | |
| **Retainers Paid (Form IR-2)** | | |
| | | |

I declare under penalty of perjury (28 U.S.C. Section 1746) that this report and the documents attached
are true and correct to the best of my knowledge and belief.

_____   Date  10/16/09
Signature of Debtor

_____   Date  _____
Signature of Joint Debtor

_____   Date  10/16/09
Signature of Authorized Individual*

_____   _____
Printed Name of Authorized Individual    Title of Authorized Individual

*Authorized individual must be an officer, director or shareholder if debtor is a corporation; a partner if debtor
is a partnership; a manager or member if debtor is a limited liability company.

FORM IR
(4/07)

# **EXHIBIT 1**

Initial Cash Flow Budget

QUESTEX MEDIA — Cash Forecast – 13 Week ($000s)

| Week # | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 13 Week Forecast |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Week Ended | 9-Oct | 16-Oct | 23-Oct | 30-Oct | 6-Nov | 13-Nov | 20-Nov | 27-Nov | 4-Dec | 11-Dec | 18-Dec | 25-Dec | 1-Jan | |
| **Cash Receipts** | | | | | | | | | | | | | | |
| A/R Collections - Print | $1,298 | $1,298 | $1,298 | $1,298 | $1,331 | $1,331 | $1,331 | $1,331 | $1,028 | $1,028 | $1,028 | $1,028 | $1,028 | $15,654 |
| Advanced Cash Receipts - Expo | 460 | 460 | 460 | 460 | 233 | 233 | 233 | 233 | 345 | 345 | 345 | 345 | 345 | 4,498 |
| McLean Cash Inflow | - | 250 | - | - | - | 350 | - | - | - | 300 | - | - | - | 900 |
| Other | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Total Cash Receipts** | 1,758 | 2,008 | 1,758 | 1,758 | 1,564 | 1,914 | 1,564 | 1,564 | 1,373 | 1,673 | 1,373 | 1,373 | 1,373 | 21,050 |
| **Operating Disbursements** | | | | | | | | | | | | | | |
| Payroll and Payroll Taxes[1] | (1,557) | (150) | (1,150) | (150) | (1,557) | (150) | (1,150) | (150) | (1,557) | (150) | (1,150) | (150) | (1,557) | (10,578) |
| Other Entity Costs[1] | (199) | (199) | (199) | (199) | (260) | (260) | (260) | (260) | (168) | (189) | (169) | (169) | (169) | (2,681) |
| Mechanical Costs - Pubs | (170) | (170) | (170) | (170) | (150) | (150) | (150) | (150) | (148) | (146) | (146) | (146) | (146) | (2,005) |
| Pubs - Other Costs | (159) | (159) | (159) | (159) | (145) | (145) | (145) | (145) | (121) | (121) | (121) | (121) | (121) | (1,820) |
| Expos - Costs (Excluding McLean) | (314) | (314) | (314) | (314) | (216) | (216) | (216) | (216) | (121) | (121) | (121) | (121) | (121) | (2,730) |
| Corporate - Other | (335) | (48) | (48) | (48) | (332) | (44) | (44) | (44) | (355) | (67) | (67) | (67) | (67) | (1,567) |
| Total Operating Disbursements | (2,734) | (1,039) | (2,039) | (1,039) | (2,680) | (965) | (1,965) | (965) | (2,469) | (774) | (1,774) | (774) | (2,181) | (21,381) |
| **Net Operating Cash Flows** | (976) | 969 | (281) | 719 | (1,096) | 948 | (402) | 598 | (1,096) | 899 | (401) | 599 | (806) | (331) |
| **Non-Operating Disbursements** | | | | | | | | | | | | | | |
| Capital Expenditures | 15 | 15 | 15 | 15 | 13 | 13 | 13 | 13 | 10 | 10 | 10 | 10 | 10 | 160 |
| Cash Proceeds from Asset Sales | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Total Non-Operating Disbursements** | 15 | 15 | 15 | 15 | 13 | 13 | 13 | 13 | 10 | 10 | 10 | 10 | 10 | 160 |
| **Financing Disbursements** | | | | | | | | | | | | | | |
| Interest Payments - DIP Facility | - | - | - | - | (37) | - | - | - | (42) | - | - | - | (52) | (132) |
| Interest Payments - Adequate Protection | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Financing Fees | (713) | - | - | - | - | - | - | - | - | - | - | - | - | (713) |
| Other (Bank Fees) | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Total Financing Disbursements** | (713) | - | - | - | (37) | - | - | - | (42) | - | - | - | (52) | (845) |
| Professional Fees | (1,763) | - | - | - | - | - | - | - | - | (1,705) | - | - | - | (3,468) |
| **Total Net Disbursements** | (2,491) | (15) | (16) | (15) | (50) | (13) | (13) | (13) | (52) | (1,715) | (10) | (10) | (62) | (4,473) |
| **Net Cash Receipts, excl. Revolver** | (3,467) | 954 | (298) | 704 | (1,146) | 935 | (414) | 586 | (1,148) | 689 | (2,116) | 589 | (871) | (4,804) |
| **Net Cash Balance** | | | | | | | | | | | | | | |
| Beginning Balance | 2,080 | 2,700 | 2,700 | 2,700 | 2,700 | 2,700 | 2,700 | 2,700 | 2,700 | 2,700 | 2,700 | 2,700 | 2,700 | 2,080 |
| Net Cash Receipts (Disburse) | (3,467) | 954 | (298) | 704 | (1,146) | 935 | (414) | 586 | (1,148) | 689 | (2,116) | 589 | (871) | (4,804) |
| Available Cash | 1,377 | 3,654 | 2,404 | 3,404 | 1,554 | 3,635 | 2,286 | 3,286 | 1,552 | 3,389 | 584 | 3,289 | 1,829 | (2,714) |
| Restricted Cash | (200) | (200) | (200) | (200) | (200) | (200) | (200) | (200) | (200) | (200) | (200) | (200) | (200) | (200) |
| Paydown/Draws on Revolver | 4,077 | (954) | 296 | (704) | 1,146 | (935) | 414 | (586) | 1,148 | (689) | 2,116 | (589) | 871 | 5,414 |
| **Ending Book Balance** | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 |
| Foreign Account Cash Balance[2] | 1,465 | 1,465 | 1,465 | 1,465 | 1,465 | 1,465 | 1,465 | 1,465 | 1,465 | 1,465 | 1,465 | 1,465 | 1,465 | 1,465 |
| **Total System Cash** | $3,965 | $3,965 | $3,965 | $3,965 | $3,965 | $3,965 | $3,965 | $3,965 | $3,965 | $3,965 | $3,965 | $3,965 | $3,965 | $3,965 |
| Beginning Revolver | - | 4,077 | 3,123 | 3,420 | 2,716 | 3,862 | 2,927 | 3,341 | 2,756 | 3,904 | 3,015 | 5,132 | 4,543 | - |
| Change in Revolver | 4,077 | (954) | 296 | (704) | 1,146 | (935) | 414 | (586) | 1,148 | (889) | 2,118 | (589) | 871 | 5,414 |
| Ending Revolver | $4,077 | $3,123 | $3,420 | $2,716 | $3,862 | $2,927 | $3,341 | $2,756 | $3,904 | $3,015 | $5,132 | $4,543 | $5,414 | $5,414 |
| Availability | 10,923 | 11,877 | 11,580 | 12,284 | 11,138 | 12,073 | 11,659 | 12,244 | 11,096 | 11,985 | 9,868 | 10,457 | 9,586 | 9,586 |

(1) Educards, Pierce, McLean, Fire Sham, Imaging, Asia.
(2) Represents cash in McLean, Fire Sham, Instruments (UK and Japan) and Asia subsidiaries accounts. Reported once a month on consolidated balance sheet. Represents cash required to fund liquidity needs of these entities and is not available for US liquidity needs. Excess cash repatriated to US accounts as available.

# **EXHIBIT 2**

Insurance Certificates

| ACORD™ | CERTIFICATE OF LIABILITY INSURANCE | | DATE (MM/DD/YY) 10/5/2009 |

**PRODUCER**
Willis of New York, Inc.
One World Financial Center
200 Liberty Street
New York, NY 10281

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

**COMPANIES AFFORDING COVERAGE**

COMPANY A  State National Insurance Company, Inc.
COMPANY B
COMPANY C
COMPANY D

**INSURED**
Questex Media Group, Inc. and all subsidiaries
275 Grove Street
Newton, MA 02466

**COVERAGES**

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED, NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN. THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| CO LTR | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|
| | GENERAL LIABILITY | | | | GENERAL AGGREGATE | $ |
| | COMMERCIAL GENERAL LIABILITY | | | | PRODUCTS-COMP/OP AGG | $ |
| | CLAIMS MADE ☐ OCCUR ☐ | | | | PERSONAL & ADV INJURY | $ |
| | OWNER'S & CONTRACTOR'S PROT | | | | EACH OCCURRENCE | $ |
| | | | | | FIRE DAMAGE (Any one fire) | $ |
| | | | | | MED EXP (Any one person) | $ |
| | AUTOMOBILE LIABILITY | | | | COMBINED SINGLE LIMIT | $ |
| | ANY AUTO | | | | | |
| | ALL OWNED AUTOS | | | | BODILY INJURY (Per person) | $ |
| | SCHEDULED AUTOS | | | | | |
| | HIRED AUTOS | | | | BODILY INJURY (Per accident) | $ |
| | NON-OWNED AUTOS | | | | | |
| | | | | | PROPERTY DAMAGE | $ |
| | GARAGE LIABILITY | | | | AUTO ONLY – EA ACCIDENT | $ |
| | ANY AUTO | | | | OTHER THAN AUTO ONLY | |
| | | | | | EACH ACCIDENT | $ |
| | | | | | AGGREGATE | $ |
| | EXCESS LIABILITY | | | | EACH OCCURRENCE | $ |
| | UMBRELLA FORM | | | | AGGREGATE | $ |
| | OTHER THAN UMBRELLA FORM | | | | | $ |
| | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY | | | | WC STATUTORY LIMITS ☐ OTHER ☐ | |
| | THE PROPRIETOR/ PARTNERS/EXECUTIVE OFFICERS ARE: INCL ☐ EXCL ☐ | | | | EL EACH ACCIDENT | $ |
| | | | | | EL DISEASE-POLICY LIMIT | $ |
| | | | | | EL DISEASE-EA EMPLOYEE | $ |
| A | OTHER Media Professional Liability | USUUA2612480.8 | 11/08/2008 | 11/08/2009 | Limit of Liability | $10,000,000 |

**CERTIFICATE HOLDER**

Additional Insured:
Office of the United States Trustee
Attn: David M. Klauder
844 King Street, Suite 2313
Wilmington, DE 19801

Evidence of coverage only

**CANCELLATION**

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING COMPANY WILL ENDEAVOR TO MAIL 30 DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO MAIL SUCH NOTICE SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE COMPANY, ITS AGENTS OR REPRESENTATIVES.

WILLIS
By: [signature]

ACORD 25-S (1/95)  © ACORD CORPORATION 1988

# ACORD™ CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YY) 10/14/2009

| PRODUCER | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. |
|---|---|
| Willis of New York, Inc.<br>One World Financial Center<br>200 Liberty Street<br>New York, NY 10281 | **COMPANIES AFFORDING COVERAGE**<br>COMPANY A — Zurich American Insurance Company |
| **INSURED**<br>Questex Media Group, Inc. and all subsidiaries<br>275 Grove Street<br>Newton, MA 02466 | COMPANY B<br>COMPANY C<br>COMPANY D |

## COVERAGES

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED, NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN. THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| CO LTR | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS |
|---|---|---|---|---|---|
| | **GENERAL LIABILITY**<br>☐ COMMERCIAL GENERAL LIABILITY<br>☐ CLAIMS MADE ☐ OCCUR<br>☐ OWNER'S & CONTRACTOR'S PROT | | | | GENERAL AGGREGATE $<br>PRODUCTS-COMP/OP AGG $<br>PERSONAL & ADV INJURY $<br>EACH OCCURRENCE $<br>FIRE DAMAGE (Any one fire) $<br>MED EXP (Any one person) $ |
| | **AUTOMOBILE LIABILITY**<br>☐ ANY AUTO<br>☐ ALL OWNED AUTOS<br>☐ SCHEDULED AUTOS<br>☐ HIRED AUTOS<br>☐ NON-OWNED AUTOS | | | | COMBINED SINGLE LIMIT $<br>BODILY INJURY (Per person) $<br>BODILY INJURY (Per accident) $<br>PROPERTY DAMAGE $ |
| | **GARAGE LIABILITY**<br>☐ ANY AUTO | | | | AUTO ONLY – EA ACCIDENT $<br>OTHER THAN AUTO ONLY:<br>EACH ACCIDENT $<br>AGGREGATE $ |
| | **EXCESS LIABILITY**<br>☐ UMBRELLA FORM<br>☐ OTHER THAN UMBRELLA FORM | | | | EACH OCCURRENCE $<br>AGGREGATE $<br>$ |
| | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY**<br>THE PROPRIETOR/ PARTNERS/EXECUTIVE OFFICERS ARE: ☐ INCL ☐ EXCL | | | | ☐ WC STATU-TORY LIMITS ☐ OTHER<br>EL EACH ACCIDENT $<br>EL DISEASE-POLICY LIMIT $<br>EL DISEASE-EA EMPLOYEE $ |
| A | **OTHER**<br>Crime Coverage | FID916874300 | 11/08/2007 | 11/08/2009 | Employee Dishonesty $3,000,000<br>Forgery & Alteration $3,000,000<br>Theft, Disappearance $3,000,000<br>Robbery & Safe Burglary $3,000,000<br>Computer Fraud $3,000,000<br>Money Orders $3,000,000 |

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Loss Payee:<br>Office of the United States Trustee<br>Attn: David M. Klauder<br>844 King Street, Suite 2313<br>Wilmington, DE 19801<br><br>Evidence of coverage only | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING COMPANY WILL ENDEAVOR TO MAIL **30** DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO MAIL SUCH NOTICE SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE COMPANY, ITS AGENTS OR REPRESENTATIVES.<br>WILLIS<br>By: [signature] |

ACORD 25-S (1/95) ©ACORD CORPORATION 1988



# CERTIFICATE OF LIABILITY INSURANCE Page 1 of 3

**DATE (MM/DD/YYYY):** 10/15/2009

**PRODUCER** 877-945-7378
Willis of Massachusetts, Inc.
26 Century Blvd.
P. O. Box 305191
Nashville, TN 37230-5191

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

**INSURED**
Questex Media Group, Inc.
275 Grove Street
Newton, MA 02466

**INSURERS AFFORDING COVERAGE** | **NAIC#**
---|---
INSURER A: American Alternative Insurance Corporatio | 19720-002
INSURER B: ACE Property & Casualty Insurance Company | F1448-001
INSURER C: Great American Insurance Company | 16691-000
INSURER D: |
INSURER E: |

## COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YYYY) | POLICY EXPIRATION DATE (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| A | X | GENERAL LIABILITY [X] COMMERCIAL GENERAL LIABILITY [ ] CLAIMS MADE [X] OCCUR | 90A2GL0000117 | 1/31/2009 | 1/31/2010 | EACH OCCURRENCE | $ 1,000,000 |
| | | | | | | DAMAGE TO RENTED PREMISES (Ea occurence) | $ 100,000 |
| | | | | | | MED EXP (Any one person) | $ 5,000 |
| | | | | | | PERSONAL & ADV INJURY | $ 1,000,000 |
| | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | | GEN'L AGGREGATE LIMIT APPLIES PER: [ ] POLICY [ ] PROJECT [ ] LOC | | | | PRODUCTS - COMP/OP AGG | $ 2,000,000 |
| A | | AUTOMOBILE LIABILITY [ ] ANY AUTO [ ] ALL OWNED AUTOS [ ] SCHEDULED AUTOS [X] HIRED AUTOS [X] NON-OWNED AUTOS | 90A2CA0000127 | 1/31/2009 | 1/31/2010 | COMBINED SINGLE LIMIT (Ea accident) | $ 1,000,000 |
| | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | GARAGE LIABILITY [ ] ANY AUTO | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | | | | | OTHER THAN AUTO ONLY: EA ACC / AGG | $ / $ |
| B | X | EXCESS / UMBRELLA LIABILITY [X] OCCUR [ ] CLAIMS MADE [ ] DEDUCTIBLE [X] RETENTION $ 10,000 | M00531200 | 1/31/2009 | 1/31/2010 | EACH OCCURRENCE | $ 25,000,000 |
| | | | | | | AGGREGATE | $ 25,000,000 |
| | | | | | | | $ |
| | | | | | | | $ |
| | | | | | | | $ |
| A | | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY Y/N ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) If yes, describe under SPECIAL PROVISIONS below | 90A2WC0000153 | 1/31/2009 | 1/31/2010 | [X] WC STATUTORY LIMITS [ ] OTHER | |
| | | | | | | E.L. EACH ACCIDENT | $ 1,000,000 |
| | | | | | | E.L. DISEASE - EA EMPLOYEE | $ 1,000,000 |
| | | | | | | E.L. DISEASE - POLICY LIMIT | $ 1,000,000 |
| C | | OTHER: Commercial Property Contents BI - Blanket | MAC5259867 | 1/31/2009 | 1/31/2010 | $4,360,000 Limit $4,754,000 Limit | |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS**
See attached

**CERTIFICATE HOLDER**

Office of the United States Trustee
Attn: David M. Klauder
844 King Street, Suite 2313
Wilmington, DE 19801

**CANCELLATION**

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL __30__ DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES.

**AUTHORIZED REPRESENTATIVE**
*[signature]*

ACORD 25 (2009/01)  Coll:2835369 Tpl:989177 Cert:18268746  © 1988-2009 ACORD CORPORATION. All rights reserved.
The ACORD name and logo are registered marks of ACORD

| PRODUCER 877-945-7378<br>Willis of Massachusetts, Inc.<br>26 Century Blvd.<br>P. O. Box 305191<br>Nashville, TN 37230-5191 | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. | |
|---|---|---|
| | INSURERS AFFORDING COVERAGE | NAIC# |
| INSURED  Questex Media Group, Inc.<br>275 Grove Street<br>Newton, MA  02466 | INSURER A: American Alternative Insurance Corporatio | 19720-002 |
| | INSURER B: ACE Property & Casualty Insurance Company | F1448-001 |
| | INSURER C: Great American Insurance Company | 16691-000 |
| | INSURER D: | |
| | INSURER E: | |

**DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES/EXCLUSIONS ADDED BY ENDORSEMENT/SPECIAL PROVISIONS**

Foreign policies

General Liability
Policy #PHFD37279626
Policy Period: 02/01/2009 - 02/01/2010
Carrier: ACE American Insurance Company
Limits: Each Occu. $1,000,000, Fire Damage (any one fire) $1,000,000, Med. Exp. (Any one person) $10,000, Personal & Adv. Injury $1,000,000, Gen. Agg. $1,000,000, Products-Comp/Op Agg. $2,000,000

Auto Liability
Policy #PHFD37279626
Policy Period: 02/01/2009 - 02/01/2010
Carrier: ACE American Insurance Company
Limits: Combined Single Limit (Each Accident) $1,000,000

Employers Liability
Policy #PHFD37279626
Policy Period: 02/01/2009 - 02/01/2010
Carrier: ACE American Insurance Company
Limits: EL Each Accident $1,000,000, EL Disease-each employee $1,000,000, EL Disease-Policy Limit $1,000,000

Property
Policy #PHFD37279626
Policy Period: 02/01/2009 - 02/01/2010
Carrier: ACE American Insurance Company

CA Earthquake policy #04-7500017741-L-00
Policy Period: 02/01/2009 - 02/01/2010
Carrier: Underwriters at Lloyd's London (IL)

It is agreed that Office of the United States Trustee is included as an Additional Insured as respects to General Liability and Umbrella Liability.

Office of the United States Trustee is named as Loss Payees as respects to Property coverage.

# IMPORTANT

If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

# DISCLAIMER

This Certificate of Insurance does not constitute a contract between the issuing insurer(s), authorized representative or producer, and the certificate holder, nor does it affirmatively or negatively amend, extend or alter the coverage afforded by the policies listed thereon.

# EXHIBIT 3

Evidence of Debtor in Possession Bank Accounts

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| QUESTEX MEDIA GROUP, INC., et al.,[1] | ) Case No. 09-13423 (MFW) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) Ref. Docket No.: 5 |

<u>INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO CONTINUE TO
USE EXISTING CASH MANAGEMENT SYSTEM, (II) GRANTING
ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTER-
COMPANY CLAIMS, (III) AUTHORIZING THE USE OF PREPETITION
BANK ACCOUNTS, CHECKS AND BUSINESS FORMS,
(IV) WAIVING THE REQUIREMENTS OF 11 U.S.C. § 345 ON AN INTERIM
BASIS, AND (V) AUTHORIZING THE CONTINUED USE OF DEBIT,
WIRE AND AUTOMATIC CLEARING HOUSE PAYMENTS</u>

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order") authorizing the Debtors to continue to use their existing cash management system and upon the First Day Declaration; it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Questex Media Group, Inc. (5500); FierceMarkets, Inc. (6826); InfoTrends, Inc. (0297); InfoTrends Research Group, Inc. (9131); Oxford Communication, Inc. (0786); Oxford Publishing, Inc. (6012); QMG Holdings, Inc. (3042); Questex Brazil, LLC (3187); and Show Events, Inc. (6352). The location of the corporate headquarters for Questex Media Group, Inc. and the service address for all of the Debtors is: 275 Grove Street, Suite 2-130, Newton, Massachusetts 02466.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted.

2. The Debtors are authorized to continue using the Cash Management System.

3. The Debtors are authorized to: (a) continue to use, with the same account numbers, all of the Bank Accounts in existence as of the Petition Date, including, without limitation, those accounts identified on Exhibit B to the Motion; (b) use, in their present form, all correspondence and business forms (including, but not limited to, letterhead, purchase orders and invoices), as well as checks and other documents related to the Bank Accounts, without reference to the Debtors' status as debtors-in-possession; (c) print checks without reference to the Debtors' status as debtors-in-possession; and (d) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors-in-possession.

4. Except as otherwise expressly provided in this Order, all banks at which the Bank Accounts are maintained (collectively, the "Banks") are authorized and directed to continue to service and administer the Bank Accounts as accounts of the Debtors as debtors-in-possession, without interruption and in the ordinary course, and to receive, process, honor, and pay any and all checks, drafts, wires and automated clearing house transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be; provided, however, that any check drawn or issued by the Debtors before the Petition Date may be honored by any bank only if specifically authorized by order of this Court.

5. Notwithstanding any other provision of this Order, no Bank that honors a prepetition check or other item drawn on any account that is the subject of this Order (a) at the direction of the Debtors, (b) in good faith belief that the Court has authorized such prepetition

2

DB02:8800919.2

068808.1001

check or item to be honored, or (c) as the result of an innocent mistake made despite implementation of reasonable item handling procedures, shall be deemed to be liable to the Debtors or their estates or otherwise in violation of this Order.

6. The Debtors are authorized to pay customary prepetition banking and custody fees owed to any of the Banks and any such customary postpetition banking and custody fees will have administrative priority.

7. The Debtors are authorized to open any new bank accounts or close any existing bank accounts as they may deem necessary and appropriate in their sole discretion; provided, however, that the Debtors shall make note of any new bank accounts in their monthly operating reports.

8. The requirement to establish separate accounts for cash collateral and/or tax payments is hereby waived.

9. To the extent necessary, the deposit guidelines of section 345 of the Bankruptcy Code are hereby waived until November 16, 2009, which waiver may only be extended upon the consent of the United States Trustee for the District of Delaware or further order of the Court.

10. The Debtors are authorized to engage in, incur obligations under, and make payments or transfers pursuant to Intercompany Transactions in the ordinary course of business.

11. Pursuant to section 364(b) of the Bankruptcy Code, all postpetition Intercompany Claims owed by an individual Debtor to another individual Debtor or the Non-Debtor Subsidiary shall be accorded administrative priority status of the kind specified in sections 503(b) and 507(a) of the Bankruptcy Code. *subject to a monthly cap of $200,000.*

3

DB02:8800919.2        068808.1001

12. The Debtors shall continue to maintain records with respect to transfers of cash in a manner consistent with historical practices, so that transactions can be ascertained, traced, and recorded properly on all intercompany accounts.

13. The Debtors may disburse funds by debit, wire or ACH payments and other means.

14. The Debtors may allow third-party payroll and benefits administrators and providers to continue preparing and issuing checks on behalf of the Debtors.

15. As soon as practicable after the entry of this Order, the Debtors shall serve a copy of this Order on the Banks that make disbursements pursuant to the Debtors' Cash Management System.

16. The requirements of Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

17. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

18. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
October 6, 2009

Mary F. Walrath
United States Bankruptcy Judge

19. A final hearing on the Motion will be held on October 26, 2009 at 3 pm ET, and objections must be filed and served so as to be received not later than 4 pm ET on October 19, 2009.

# **EXHIBIT 4**

Retainers Paid

In re Questex Media Group, Inc.
Debtor

Case No. 09-13423
Reporting Period: Prepetition Amounts

## SCHEDULE OF RETAINERS PAID TO PROFESSIONALS

(This schedule is to include each Professional paid a retainer)

| Payee | Check Date | Check Number | Name of Payor | Amount | Amount Applied to Date | Balance |
|---|---|---|---|---|---|---|
| Kirkland & Ellis LLP | 4/23/2009 | | Questex Media Group, Inc. | $250,000.00 | $75,000.00 | $175,000.00 |
| Young Conaway Stargatt & Taylor | 9/15/2009 | | Questex Media Group, Inc. | $150,000.00 | $31,492.00 | $118,508.00 |
| Epiq Bankruptcy Solutions, Inc. | 8/11/2009 | | Questex Media Group, Inc. | $50,000.00 | $0.00 | $50,000.00 |

8847846_1.XLS

Form IR-2
(4/07)