## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| QUESTEX MEDIA GROUP, INC., et al.,[1] | ) | Case No. 09-13423 (MFW) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Ref. Docket No. 46** |

**ORDER (I) APPROVING BIDDING PROCEDURES FOR THE
SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
ASSETS; (II) SCHEDULING A HEARING TO CONSIDER THE SALE
AND APPROVING THE FORM AND MANNER OF NOTICES; (III) ESTABLISHING
PROCEDURES FOR ASSUMPTION AND ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES, INCLUDING NOTICE OF
PROPOSED CURE AMOUNTS; AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and

debtors in possession (collectively, the "Debtors") for the entry of orders (a)(i) approving bid and

notice procedures for the sale of substantially all of the Debtors' assets, (ii) scheduling a hearing

to consider the sale and approving the form and manner of notices, (iii) establishing procedures

for assumption and assignment of certain contracts and unexpired leases, including notice of

proposed cure amounts, and (iv) granting related relief; and (b)(i) approving an asset purchase

agreement (the "Asset Purchase Agreement") for the sale of all of the assets of the Debtors to

QMG Acquisition LLC, a Delaware Limited Liability Company, (the "Purchaser"), or to the

Successful Bidder to be identified at the Auction (as such terms are defined in the Bidding

---

[1]    The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Questex Media Group, Inc. (5500); FierceMarkets, Inc. (6826); InfoTrends, Inc. (0297); InfoTrends Research Group, Inc. (9131); Oxford Communication, Inc. (0786); Oxford Publishing, Inc. (6012); QMG Holdings, Inc. (3042); Questex Brazil, LLC (3187); and Show Events, Inc. (6352). The location of the corporate headquarters for Questex Media Group, Inc. and the service address for all of the Debtors is: 275 Grove Street, Suite 2-130, Newton, Massachusetts 02466.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

Procedures), (ii) authorizing the sale of substantially all of the assets of the Debtors free and clear of all liens, claims, encumbrances and other interests (collectively, the "Claims and Interests"), (iii) authorizing the assumption and assignment of certain executory contracts and unexpired leases to the Purchaser or the Successful Bidder, and (iv) granting related relief; and upon the First Day Declaration; it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby

### FOUND, CONCLUDED AND DECLARED THAT:[3]

A.      This Court has jurisdiction over this matter and over the property of the Debtors and their bankruptcy estates pursuant to 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L) and (O).

B.      Notice of the hearing on the Motion, the Motion, and the proposed entry of this Order have been provided to the parties identified in the opening paragraph of this Order. Under the circumstances, requisite notice of the Motion, the relief requested thereby and this Order has been provided in accordance with Bankruptcy Rules 2002(a)(2), 6004(a), 6006 and 9014, which notice is sufficient for all purposes under the Bankruptcy Code, including, without

---

[3]   When appropriate, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact. *See* Fed. R. Bankr. P. 7052.

limitation, section 102(1) of the Bankruptcy Code. No further notice of, or hearing on, the Motion or this Order is necessary or required.

C.    The Debtors' proposed notices in substantially the form attached to the Motion, the Asset Purchase Agreement and the terms contained therein, and the Bidding Procedures, are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Transaction, the Auction, the assumption and assignment of the executory contracts and unexpired leases, the Asset Purchase Agreement and the Bidding Procedures to be employed in connection therewith.

D.    The Debtors have articulated good and sufficient reasons for this Court to grant the relief requested in the Motion regarding the Bidding Procedures and the sale of the Assets. The Bidding Procedures were negotiated in good faith by the Debtors and the Purchaser and are reasonable and appropriate.

E.    The Asset Purchase Agreement represents the best offer the Debtors have received to date as a result of their prepetition efforts to market the Assets for sale, with the aid of their advisor, Miller Buckfire.

F.    The entry of this Order is in the best interests of the Debtors, their estates, and their creditors, and other parties-in-interest; and it is therefore

**ORDERED, ADJUDGED AND DECREED THAT:**[4]

1.    The Motion is granted.

---

4    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

DB02:8863854.2                                                                                              068808.1001

2.     The Bidding Procedures, substantially in the form attached hereto as Exhibit A, are hereby approved. The Debtors are authorized to take any and all actions necessary to implement the Bidding Procedures.

3.     The Asset Purchase Agreement is hereby approved and binding upon the Debtors and their estates, and in connection therewith, the Bidding Procedures are hereby approved.

4.     All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court, are overruled.

5.     By October 30, 2009 the Debtors shall send the Bidding Procedures Notice to the requisite parties including all known creditors, those parties asserting any security interest in the Assets, and certain relevant taxing authorities and regulatory agencies.

6.     The Debtors shall publish the notice attached hereto as Exhibit C (the "Bidding Procedures Notice"), in the National Edition of *The Wall Street Journal* within five business days after entry of this Order.

7.     As further described in the Bidding Procedures, if one or more Qualified Bids, other than from the Purchaser, are timely received, the Debtors shall conduct the Auction at 11:00 a.m. (prevailing Eastern time) on November 20, 2009, at the offices of Debtors' counsel, Kirkland & Ellis LLP, at 601 Lexington Avenue, New York, New York 10022 or such later time on such day or other place as the Debtors shall notify all Qualified Bidders who have submitted Qualified Bids.

8.     By October 30, 2009, the Debtors shall send a notice to each counterparty to an executory contract or unexpired lease setting forth the Debtors' calculation of the cure amount, if any, that would be owing to such counterparty if the Debtors decided to assume and assign such

DB02:8863854.2

068808.1001

executory contract or unexpired lease (each a "Cure Notice," substantially in the form of Exhibit B attached hereto). Any counterparty that objects to the amount set forth in the Cure Notice must file an objection (a "Cure Amount Objection"), on or before 4:00 p.m. prevailing Eastern Time on November 17, 2009, which Cure Amount Objection must be served on (a) counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn.: James A. Stempel and Erik W. Chalut, (b) counsel to the Purchaser and to the DIP Agent, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn.: Joseph H. Smolinsky, and (c) counsel to the Official Committee of Unsecured Creditors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104-0050, Attn: Lorenzo Marinuzzi, Esq., David Capucilli, Esq. and Erica J. Richards, Esq. so that it is actually received no later than 4:00 p.m. prevailing Eastern Time on November 17, 2009. If a counterparty does not timely file and serve a Cure Amount Objection that party will be forever barred from objecting to the Debtors' proposed cure amount. Where a counterparty to a Purchased Contract files a timely Cure Amount Objection asserting a higher cure amount than the amount listed in the Cure Notice and the parties are unable to consensually resolve the dispute, the Cure Amount to be paid under section 365 of the Bankruptcy Code, if any, with respect to such objection will be determined at a hearing to be requested by the Debtors or by the objecting counterparty, which hearing must occur not later than the Sale Hearing.

9.     By October 30, 2009, the Debtors will send a notice via first class mail to each counterparty to a contract designated as a Purchased Contract in the Successful Bid or the Backup Bid (a "Contract Assignment Notice"). The Contract Assignment Notice will contain reasonable detail of the proposed Purchased Contracts. Any counterparty that objects to the assignment of their Purchased Contract or to the adequate assurance of the Successful Bidder's

DB02:8863854.2

068808.1001

or Backup Bidder's ability to perform must file an objection (a "Contract Assignment Objection") on or before 4:00 p.m. prevailing Eastern Time on November 17, 2009, which Contract Assignment Objection must be served on (a) counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn.: James A. Stempel and Erik W. Chalut, (b) counsel to the Purchaser and to the DIP Agent, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 Attn.: Joseph H. Smolinsky, and (c) counsel to the Official Committee of Unsecured Creditors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104-0050, Attn: Lorenzo Marinuzzi, Esq., David Capucilli, Esq. and Erica J. Richards, Esq. so that it is actually received no later than 4:00 p.m. prevailing Eastern Time on November 17, 2009. If a counterparty to a Purchased Contract does not timely file and serve a Contract Assignment Objection that party will be forever barred from objecting to the assignment of their Purchased Contract or to the Successful Bidder's or Backup Bidder's adequate assurance of future performance.

10.    If an objection to the Contract Assignment Notice is timely filed, the objection must set forth (a) the basis for the objection; (b) with specificity, the amount the party asserts as the Cure Amount; and (c) attach appropriate documentation in support of the Cure Amount.

11.    Hearings on Contract Assignment objection (and objections to the adequate assurance of future performance under the agreement (if and as assumed)) may be held at the Sale Hearing (as defined below).

12.    The Debtors' designation of certain agreements for assumption and assignment shall be subject to approval of this Court and consummation of the Transaction. Absent consummation of the Transaction, each of the agreements shall neither be deemed assumed nor assigned and shall in all respects be subject to further administration under the Bankruptcy Code.

DB02:8863854.2

068808.1001

13. Notwithstanding the existence of a confidentiality provision in any agreement to be assigned, the Debtors are authorized to provide the Purchaser and Potential Bidders a copy of any Purchased Contract to those who have executed a confidentiality agreement.

14. The Sale Hearing will be conducted on November 24, 2009 (the "Sale Hearing"). The Debtors will seek entry of an order of the Court at the Sale Hearing approving and authorizing the sale of the Purchased Assets and Transferred Equity Interests to the Successful Bidder. The Sale Hearing may be continued from time to time without further notice other than such announcement announced in open court or a notice of adjournment filed with the Court and served on the Notice Parties.

15. Following the approval of the sale of the Assets to the Purchaser or Successful Bidder at the Sale Hearing, if such Purchaser or Successful Bidder fails to consummate an approved sale within fifteen (15) days after entry of an Order approving the Sale, for reasons other than the Debtors failure to satisfy the conditions precedent, the Debtors shall be authorized, but not required, to deem the Backup Bid, as the Successful Bid or Backup Bid, and the Debtors shall be authorized, but not required, to consummate the sale with the Backup Bidder without further notice or order of the Bankruptcy Court.

16. Good Faith Deposits (as defined in the Bidding Procedures) of the Successful Bidder shall be applied to the purchase price of the Transaction at Closing. Good Faith Deposits of all other Qualified Bidders shall be held in an interest-bearing escrow account until two business (2) days after Closing of the transactions contemplated by the Successful Bid, and thereafter returned to the respective bidders. If the Successful Bidder fails to consummate the Transaction because of a breach or failure to perform on the part of such Successful Bidder, the

DB02:8863854.2

068808.1001

Debtors shall be entitled to retain the Good Faith Deposit as part of their damages resulting from the breach or failure to perform by the Successful Bidder.

17.     Objections, if any, to the relief requested in the Motion relating to the Transaction must: (a) be in writing and filed with the Court no later than 4:00 p.m. prevailing Eastern Time on November 17, 2009 and serve such objection so that it is actually received by (a) counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn.: James A. Stempel and Erik W. Chalut, (b) counsel to the Purchaser and to the DIP Agent, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn.: Joseph H. Smolinsky, and (c) counsel to the Official Committee of Unsecured Creditors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104-0050, Attn: Lorenzo Marinuzzi, Esq., David Capucilli, Esq. and Erica J. Richards, Esq. no later than 4:00 p.m. (prevailing Eastern Time) on November 17, 2009.

18.     To the extent that any chapter 11 plan confirmed in these cases or any order confirming any such plan or any other order in these cases (including any order entered after any conversion of these cases to cases under chapter 7 of the Bankruptcy Code) alters, conflicts with or derogates from the provisions of this Order, the provisions of this Order shall control. The Debtors' obligations under this Order, the provision of the Order and the portions of the Asset Purchase Agreement pertaining to the Bidding Procedures shall survive confirmation of any plan of reorganization or discharge of claims thereunder and shall be binding upon the Debtors, and the reorganized or reconstituted debtors, as the case may, after the effective date of a confirmed plan or plans in the Debtors' cases.

DB02:8863854.2

068808.1001

19.     As provided by Bankruptcy Rules 6004 and 6006, this Order shall not be stayed for ten (10) days after the entry thereof and shall be effective and enforceable immediately upon its entry on this Court's docket.

20.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

21.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

22.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  Wilmington, Delaware
        October 26 , 2009

Mary F. Walrath
United States Bankruptcy Judge

DB02:8863854.2                                                    068808.1001