## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QUESTEX MEDIA GROUP, INC., et al.,[1] | ) | Case No. 09-13423 (MFW) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |

## NOTICE OF (A) PROPOSED SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS AND (B) BIDDING PROCEDURES, AUCTION, AND SALE HEARING IN CONNECTION THEREWITH[2]

**PLEASE TAKE NOTICE** that Questex Media Group, Inc. and certain of its affiliates, as debtors in possession (collectively, the "Debtors") seek to sell (the "Sale") substantially all of their assets (collectively, the "Purchased Assets and Transferred Equity Interests") free and clear of all liens, claims, encumbrances and other interests (other than those provided for expressly in the Asset Purchase Agreement or alternative purchase agreement entered into with the Successful Bidder).

**PLEASE TAKE FURTHER NOTICE** that on October 10, 2009 the Debtors filed a motion (the "Bidding Procedures and Sale Motion") [Docket No. 46] with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") seeking entry of an order (a) approving the bidding procedures in connection with the Sale of the Purchased Assets and Transferred Equity Interests; (b) scheduling an auction (the "Auction") and hearing (the "Sale Hearing") in connection with the Sale of the Purchased Assets and Transferred Equity Interests; and (c) approving the Asset Purchase Agreement.

**PLEASE TAKE FURTHER NOTICE** that on October 26, 2009 the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Bidding Procedures Order") [Docket No. 119] approving, among other things, the bidding procedures proposed by the Debtors (the "Bidding Procedures"), and setting key dates and times relating to the Sale of the Purchased Assets and Transferred Equity Interests. As set forth in the Bidding Procedures, the Sale of the Purchased Assets and Transferred Equity Interests is subject to competing offers from any prospective qualified bidder. All interested potential bidders should carefully read the Bidding Procedures which are available from the claims agent as set forth below.

---

[1]    The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Questex Media Group, Inc. (5500); FierceMarkets, Inc. (6826); InfoTrends, Inc. (0297); InfoTrends Research Group, Inc. (9131); Oxford Communication, Inc. (0786); Oxford Publishing, Inc. (6012); QMG Holdings, Inc. (3042); Questex Brazil, LLC (3187); and Show Events, Inc. (6352). The location of the corporate headquarters for Questex Media Group, Inc. and the service address for all of the Debtors is: 275 Grove Street, Suite 2-130, Newton, Massachusetts 02466.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Bidding Procedures or the Bidding Procedures Order, as applicable.

**Information Concerning the Sale of the Purchased Assets and Transferred Equity Interests.** The Bidding Procedures set forth in detail the process by which the Debtors will consider competing bids with respect to the Sale of the Purchased Assets and Transferred Equity Interests, including the requirements for submitting a Qualified Bid. All interested parties are invited to make offers to purchase the Purchased Assets and Transferred Equity Interests in accordance with the terms of the Bidding Procedures and Bidding Procedures Order. The Bidding Procedures, Bidding Procedures Order and Bidding Procedures Motion may be obtained by contacting the Debtors' notice and claims agent, Epiq Bankruptcy Solutions, LLC, (a) at its website at http://chapter11.epiqsystems.com/questex, (b) by writing to Questex Media Group, Inc., c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, New York 10017, (c) by calling (646) 282-2400, or (d) for a fee via PACER at http://www.deb.uscourts.gov/.

**Key Dates and Objection Deadlines Regarding the Sale of Purchased Assets and Transferred Equity Interests.** The Debtors have been and will continue to market the Purchased Assets and Transferred Equity Interests in advance of the Auction. Pursuant to the Bidding Procedures Order, if the Debtors receive, by the Bid Deadline, one or more bids that meet the qualification standards set forth in the Bidding Procedures (a "Qualified Bid"), the Debtors will conduct an Auction for the sale of the Purchased Assets and Transferred Equity Interests. The Bidding Procedures Order also provides that the Debtors will conduct a Sale Hearing to confirm the results of the Auction (if any) and to approve the sale of the Purchased Assets and Transferred Equity Interests to the successful bidder (the "Successful Bidder"). The Auction will be conducted at the offices of the Debtors' counsel, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, or at another location as may be timely disclosed by the Debtors to all Qualified Bidders, at 11:00 a.m. (prevailing Eastern Time) on November 20, 2009 or such later date as may be agreed to by the Debtors and the DIP Agent. The Debtors reserve the right to change the date or the place of the Auction, and will notify Qualified Bidders if they do so. The following are certain key dates and objection deadlines parties in interest should be aware of with respect to the sale of the Purchased Assets and Transferred Equity Interests:

| KEY DATES (All Times Prevailing Eastern time) | |
|---|---|
| Bid Deadline | November 18, 2009 at 4:00 p.m. |
| Auction | November 20, 2009 at 11:00 a.m. |
| Sale Hearing | November 24, 2009 at 4:00 p.m. |
| **OBJECTION DEADLINES** | |
| Sale Objection Deadline | November 17, 2009 at 4:00 p.m. |
| Cure Amount Objection Deadline | November 17, 2009 at 4:00 p.m. |

At the Sale Hearing the Debtors will seek the entry of an order approving and authorizing the Sale of the Purchased Assets and Transferred Equity Interests to the highest and best offer at the Auction, on terms and conditions consistent with the submitted Asset Purchase Agreement, as may be amended and modified. The Sale Hearing may be adjourned or rescheduled without notice other than by an announcement of the adjourned date at the Sale Hearing.

**Objection to the Sale of Purchased Assets and Transferred Equity Interests.** Any objection to the Sale and/or the Sale Hearing must (a) be in writing, (b) state with specificity the nature of such objection, (c) comply with the applicable Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and (d) be filed with the Court and served upon (so as to be actually received) on or prior to the Sale Objection Deadline (set forth above), by the following parties (collectively, the "Notice Parties"):

| | |
|---|---|
| KIRKLAND & ELLIS LLP<br>James A. Stempel<br>Erik W. Chalut<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Co-Counsel to the Debtors | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Michael R. Nestor<br>Donald J. Bowman, Jr.<br>Robert F. Poppiti, Jr.<br>1000 West Street, 17th Floor<br>Wilmington, Delaware 19801<br>Co-Counsel to the Debtors |

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104-0050
Attn: Lorenzo Marinuzzi, Esq.
David Capucilli, Esq.
Erica J. Richards, Esq.
Counsel to the Committee

WEIL, GOTSHAL & MANGES
Joseph H. Smolinsky
767 Fifth Avenue
New York, New York 10153
Counsel to the Purchaser and to the DIP Agent

**Objections to Assumption and Assignment of Executory Contracts and Unexpired Leases.** In connection with the Sale of the Purchased Assets and Transferred Equity Interests and pursuant to Bankruptcy Code § 365, the Debtors intend to assume and assign certain executory contracts and unexpired leases (collectively, the "Purchased Contracts") to the Successful Bidder, which may include curing any defaults under the Purchased Contracts (the "Cure Amounts").

Objections to the proposed assumption and assignment of a Purchased Contract, including any objection relating to Cure Amounts and/or adequate assurances of future performance, must: (a) be in writing, (b) state with specificity the nature of such objection and alleged cure amount, including applicable and appropriate documentation in support of such alleged cure amount, (c) comply with applicable Bankruptcy Rules and Local Rules, and (d) be filed with the Bankruptcy Court and served so as to be actually received on or before the Cure Amount Objection Deadline (set forth above) by counsel for the Debtors, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn.: James A. Stempel, Erik W. Chalut no later than 4:00 p.m. (prevailing Eastern Time) on November 17, 2009.

If a counterparty to a Purchased Contract does not timely file and serve an objection by the Cure Amount Objection Deadline, such counterparty will be forever barred from objecting to the Debtors' proposed assumption and assignment of the Designated Contract; provided, however, that to the extent that counterparties receive a notice after the Closing Date (as defined in the Asset Purchase Agreement) that the Debtors intend to assume and assign their contract, the counterparty will have an opportunity to object to the proposed adequate assurance of future performance. If a counterparty to a Designated Contract files a timely objection and the parties are unable to consensually resolve the objection, the Debtors or the objecting counterparty will request a hearing before the Court prior to the Sale Hearing.

**Notice of Injunction.** Other than as to the liabilities explicitly assumed under the Asset Purchase Agreement, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, all "persons" (as that term is defined in section 101(41) of the Bankruptcy Code) shall be enjoined from taking any action against the Purchaser, the purchaser's affiliates (as they existed immediately prior to the closing), or the Purchased Assets and Transferred Equity Interests to recover any claim which such "person" has solely against the Debtors or the Debtors' affiliates (as they exist immediately after the closing).

3

Dated: Wilmington, Delaware
      October 30, 2009

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Michael R. Nestor (DE Bar No. 3526)
Donald J. Bowman, Jr. (DE Bar No. 4383)
Robert F. Poppiti, Jr. (DE Bar No. 5052)
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone:    (302) 571-6600
Facsimile:    (302) 571-1253
Email:        mnestor@ycst.com
              dbowman@ycst.com
              rpoppiti@ycst.com

    - and -

**KIRKLAND & ELLIS LLP**
James A. Stempel
Erik W. Chalut
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.stempel@kirkland.com
              erik.chalut@kirkland.com

Counsel to the Debtors and Debtors in Possession