## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| QUESTEX MEDIA GROUP, INC., et al.,[1] | ) Case No. 09-13423 (MFW) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

## NOTICE TO COUNTERPARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**PLEASE TAKE NOTICE** that on October 10, 2009, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed a motion (the "Bidding Procedures and Sale Motion") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that on October 26, 2009, the Bankruptcy Court entered an order [Docket No. 119] (the "Bidding Procedures Order") approving Bidding Procedures (the "Bidding Procedures"), which set key dates, times and procedures related to the sale of substantially of the Debtors' assets (the "Purchased Assets and Transferred Equity Interests"). A hearing (the "Sale Hearing") on the proposed sale is set for November 24, 2009 at 4:00 p.m. (ET) before the Honorable Mary F. Walrath in the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 5th Floor, Courtroom No. 4, Wilmington, Delaware. To the extent that there are any inconsistencies between the Bidding Procedures and the summary description of the terms and conditions contained in this Notice, the terms of the Bidding Procedures shall control.

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU OR ONE OF YOUR AFFILIATES IS A COUNTERPARTY TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE LISTED BELOW WITH ONE OR MORE OF THE DEBTORS:**[2]

| Counterparty Name | Contract/Lease | Cure Amount |
|---|---|---|
| | | |

**Pursuant to the Bidding Procedures, the Debtors may assume the Executory Contract(s) or Unexpired Lease(s) listed above to which you are a counterparty.** The Debtors have conducted a review of their books and records and have determined that the cure amount for unpaid monetary obligations under such contract or lease is **$[AMOUNT]** (the "Cure Amount").[3] If you object to the proposed assumption or disagree with the proposed Cure

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Questex Media Group, Inc. (5500); FierceMarkets, Inc. (6826); InfoTrends, Inc. (0297); InfoTrends Research Group, Inc. (9131); Oxford Communication, Inc. (0786); Oxford Publishing, Inc. (6012); QMG Holdings, Inc. (3042); Questex Brazil, LLC (3187); and Show Events, Inc. (6352). The location of the corporate headquarters for Questex Media Group, Inc. and the service address for all of the Debtors is: 275 Grove Street, Suite 2-130, Newton, Massachusetts 02466.

[2] This Notice is being sent to counterparties to Executory Contracts and Unexpired Leases. This Notice is not an admission by the Debtors that such contract or lease is executory or unexpired.

[3] If the agreement listed above is an Unexpired Lease, this notice is subject to any cure amount procedures approved by the Bankruptcy Court and will be amended appropriately to reflect such relief.

Amount, you must file an objection with the Bankruptcy Court **by no later than November 17, 2009, 4:00 p.m. (Eastern Time)** (the "Objection Deadline") and serve such objection on the following parties:

| KIRKLAND & ELLIS LLP<br>James A. Stempel<br>Erik W. Chalut<br>300 North LaSalle Street<br>Chicago, Illinois 60654 | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Michael R. Nestor<br>Donald J. Bowman, Jr.<br>Robert F. Poppiti, Jr.<br>1000 West Street, 17th Floor<br>Wilmington, Delaware 19801 |
|---|---|
| *Co-Counsel to the Debtors* ||
| MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104-0050<br>Attn: Lorenzo Marinuzzi, Esq.<br>David Capucilli, Esq.<br>Erica J. Richards, Esq.<br><br>*Counsel to the Committee* ||
| WEIL, GOTSHAL & MANGES<br>Joseph H. Smolinsky<br>767 Fifth Avenue<br>New York, New York 10153<br><br>*Counsel to the Purchaser and to the DIP Agent* ||

If a Cure Amount Objection is timely filed, the Cure Amount Objection must set forth (a) the basis for the objection; (b) with specificity, the amount the party asserts as the Cure Amount; and (c) appropriate documentation in support of the Cure Amount.

If no objection to the Cure Amount is filed by the Objection Deadline, you will be deemed to have stipulated that the Cure Amount as determined by the Debtors is correct and you shall be forever barred, estopped and enjoined from asserting any additional cure amount under the above-listed Executory Contract(s) and Unexpired Lease(s). If a counterparty to a Purchased Contract files a timely objection and the parties are unable to consensually resolve the objection, the matter will be heard at the Sale Hearing.

**Objections to Assumption and Assignment of Executory Contracts and Unexpired Leases**. Objections to the proposed assumption and assignment of a Purchased Contract, including any objection relating to Cure Amounts and/or adequate assurances of future performance, must: (a) be in writing, (b) state with specificity the nature of such objection and alleged cure amount, including applicable and appropriate documentation in support of such alleged cure amount, (c) comply with applicable Bankruptcy Rules and Local Rules, and (d) be filed with the Bankruptcy Court and served so as to be actually received on or before the Cure Amount Objection Deadline (set forth above) by counsel for the Debtors, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn.: James A. Stempel, Erik W. Chalut no later than 4:00 p.m. (prevailing Eastern Time) on November 17, 2009.

If a counterparty to a Purchased Contract does not timely file and serve an objection by the Cure Amount Objection Deadline, such counterparty will be forever barred from objecting to the Debtors' proposed assumption and assignment of the Purchased Contract; provided, however, that to the extent that counterparties receive a notice after the Closing Date (as defined in the Asset Purchase Agreement) that the Debtors intend to assume and assign their contract, the counterparty will have an opportunity to object to the proposed adequate assurance of future performance. If a counterparty to a Purchased Contract files a timely objection and the parties are unable to consensually resolve the objection, the matter will be heard at the Sale Hearing.