## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | ) |
| | ) Chapter 11 |
| Questex Media Group, Inc., et al., | ) |
| | ) Case No. 09-13423 (MFW) |
| Debtors. | ) |
| | ) Jointly Administered |
| | ) |
| | ) **Objection Deadline: November 17, 2009 at 4:00 p.m.** |
| | ) **Hearing Date: November 24, 2009 at 4:00 p.m.** |
| | ) |

## APPLICATION TO RETAIN AND EMPLOY BDO CONSULTING, A DIVISION OF BDO SEIDMAN, LLP AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO OCTOBER 16, 2009

The Official Committee of Unsecured Creditors (the "Committee") of Questex Media Group, Inc., *et al.*, as debtors and debtors-in-possession (the "Debtors") hereby submits this application (the "Application") to retain BDO Consulting, a division of BDO Seidman, LLP ("BDO") as financial advisor to the Committee, effective as of October 16, 2009, pursuant to sections 328(a) and 1103 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Application, the Committee respectfully represents as follows:

### BACKGROUND

1. On October 5, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under the Bankruptcy Code. The Debtors' cases are being jointly administered. Pursuant to 11 U.S.C. §§ 1107(a) and 1108, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

2. No trustee or examiner has been appointed in the Debtors' bankruptcy cases.

3. On October 16, 2009, the Office of the United States Trustee appointed the Committee pursuant to Section 1102 of the Bankruptcy Code.

ny-897716

4. On October 16, 2009, the Committee selected the law firm of Morrison Foerster LLP ("Morrison Foerster") to serve as its lead counsel and Pepper Hamilton, LLP ("Pepper Hamilton") as its Delaware counsel.

5. On October 16, 2009, the Committee selected BDO to serve as its financial advisor.

## RELIEF REQUESTED

6. By this Application, the Committee seeks entry of an Order pursuant to sections 328 and 1103 of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules authorizing the Committee to retain BDO as its financial advisor, effective as of October 16, 2009.

7. BDO is an accounting, consulting and financial advisory firm which maintains offices at 135 West 50th Street, New York, New York 10020, and other locations throughout the United States. BDO's professionals have extensive familiarity with the accounting practices in insolvency matters in the bankruptcy courts in the District of Delaware and in other states.

8. Subject to the Court's approval of BDO's retention, BDO proposes to provide financial advisory services to the Committee. Through a separate application, the Committee is seeking to employ Trenwith Group, LLC ("Trenwith"), BDO's affiliate investment bank, of which BDO is a majority owner.[1] Although Trenwith and BDO will be working side-by-side, each firm's primary functions will remain distinct. BDO's role will focus on accounting, financial advisory services and analysis, while Trenwith will render investment banking, valuation and corporate finance services, as required by the Committee. BDO and Trenwith have been retained in this manner by the Official Committees of Unsecured Creditors in many other cases in this Court, including *In re Avado Brands, Inc. et al.,* Case No. 07-11276 (MFW),

---

[1] The Committee is not seeking to hire two financial advisors. Two applications are being filed due to the corporate structure between BDO and Trenwith.

2

ny-897716

*In re CFM U.S. Corporation, et al.*, Case No. 08-10668 (KJC), *In re JHT Holdings, Inc. et al.*, Case No. 08-11267 (BLS), *In re Lang Holdings, Inc. et al.*, Case No. 09-12543 (KJC) and *In re Freedom Communications Holdings, Inc., et al.*, Case No. 09-13046 (BLS), to name a few.

9. The Committee has determined that it is in the best interests of unsecured creditors and the Debtors' estates to retain financial advisors to assist the Committee in these chapter 11 cases. The Committee desires to retain BDO to provide such financial services as BDO and the Committee deem necessary and beneficial to the Committee and all unsecured creditors. The services that the Committee may request include, but are not limited to, the following services:

   a. Analyze the financial ramifications of any proposed transactions for which the Debtors seek Bankruptcy Court approval, including, but not limited to, post petition financing, sale of all or a portion of the Debtors' assets, critical vendor payments, retention of management and/or employee incentive and severance plans;

   b. Perform liquidation analyses and evaluate best exit strategy;

   c. Perform forensic investigating services, as requested by the Committee and counsel, regarding pre-petition activities of the Debtors in order to identify potential causes of action, including investigating intercompany transfers, improvements in position, and fraudulent transfers;

   d. Analyze the financial operations of the Debtors pre and post-petition, as necessary;

   e. Conduct any requested financial analysis including verifying the material assets and liabilities of the Debtors, as necessary, and their values;

   f. Assist the Committee in its review of monthly statements of operations to be submitted by the Debtors;

   g. Perform claims analysis for the Committee;

   h. Assist the Committee in its evaluation of cash flow and/or other projections prepared by the Debtors;

3
ny-897716

i. Scrutinize cash disbursements on an on-going basis for the period subsequent to the commencement of these cases;

j. Analyze transactions with insiders, related and/or affiliated companies;

k. Analyze transactions with the Debtors' financing institutions;

l. Attend meetings of creditors and conference with representatives of the creditor groups and their counsel;

m. Attend any auctions of the Debtors' assets; and

n. Perform other necessary services as the Committee or the Committee's counsel may request from time to time with respect to the financial, business and economic issues that may arise, including services related to the negotiation of any Chapter 11 plan of reorganization or liquidation.

10. It is essential that the Committee employ a financial advisor to render the foregoing professional services in order to assist the Committee with its duties and to handle the many issues that may arise in the context of these cases. The Committee believes that BDO is qualified to serve it in these chapter 11 cases and that the retention of BDO is in the best interests of these estates and creditors. Because of the number of emergent matters pending with the Court in this case, BDO was requested to immediately begin many of the tasks outlined in paragraph 9 above. The services to be rendered by BDO will not duplicate the services to be rendered by any other professionals retained by the Committee in these bankruptcy cases, and every effort will be made to ensure that BDO's services are rendered in the most cost-effective manner possible.

11. BDO's proposed compensation is set forth in the accompanying Affidavit of Kevin J. Kaden (the "Kaden Affidavit"). In summary, the Debtors' estates shall reimburse BDO for its hourly professional charges and disbursements. The Committee and BDO understand that any compensation or reimbursement of expenses paid to BDO must be approved by this Court upon application consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of

this Court and any administrative or other order concerning professional compensation and reimbursement entered in these proceedings. The hourly billing rates as of the date of the Kaden Affidavit are as follows, but subject to change in the ordinary course of BDO's business:

| | |
|---|---|
| Partners/Managing Directors | $500 to $800 per hour |
| Directors & Sr. Managers | $350 to $600 per hour |
| Managers | $275 to $395 per hour |
| Seniors | $200 to $350 per hour |
| Staff | $150 to $225 per hour |

12. To the best of the Committee's knowledge and subject to the Kaden Affidavit, BDO represents no other entity in connection with these cases, BDO is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, and BDO does not hold or represent any interest adverse to the Debtors' estates with respect to the matters upon which it is to be employed.

### NOTICE, PRIOR APPLICATION AND WAIVER OF BRIEF

13. Notice of the instant Application, including the Kaden Affidavit filed herewith, is being given to (i) the U.S. Trustee; (ii) counsel to the Debtors; and (iii) those parties entitled to notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). The Committee respectfully submits that, in light of the nature of the relief requested, no further notice is necessary or required.

14. No prior application has been made in this or any other Court.

15. The Committee submits that the Application does not present novel issues of law requiring the citation to any authority, other than the statutes and rules cited above and, accordingly, submits that no brief is necessary.

15. To the best of the Committee's knowledge, BDO has no connection with the creditors or any other adverse party or their attorneys except as otherwise noted in the attached Kaden Affidavit.

**WHEREFORE**, the Committee respectfully requests that this Court enter an Order substantially in the form attached hereto (i) authorizing the retention of BDO as its financial advisor, effective as of October 16, 2009, on the terms and conditions set forth herein, with fees and expenses to be paid pursuant to the Bankruptcy Rules, the Local Rules of this Court, and such other orders as the Court may direct, and (ii) granting such other and further relief as the Court deems necessary and just.

Dated: November 6, 2009    THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF QUESTEX MEDIA GROUP, INC., et al.

BY: _____
Joseph Cragg
Paradice Decorating Co.
Chairperson of the Official Committee
of Unsecured Creditors