IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| QMG WINDDOWN, INC., et al.,[1] | ) Case No. 09-13423 (MFW) |
| Debtors. | ) Jointly Administered |
| | ) Hearing Date: July 6, 2010 at 1:00 p.m. (ET) |
| | ) Objection Deadline: June 28, 2010 at 4:00 p.m. (ET) |

## DEBTORS' MOTION FOR AN ORDER, PURSUANT TO SECTIONS 105(a) AND 1112(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 1017(a), DISMISSING THEIR CHAPTER 11 CASES

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order, pursuant to sections 105(a) and 1112(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Rule 1017(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the dismissal of their chapter 11 cases. In support of this Motion, the Debtors respectfully represent as follows.

### Jurisdiction and Venue

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 105(a) and 1112(b) of the Bankruptcy Code, along with Bankruptcy Rule 1017(a).

---

[1] The Debtors in these cases are as follows: QMG Winddown, Inc.; FMI Winddown, Inc; ITI Winddown, Inc.; ITRG Winddown, Inc.; OCI Winddown, Inc.; OPI Winddown, Inc.; QMG Holdings, Inc.; QBL Winddown, LLC; and SEI Winddown, Inc.

## Background

4. On October 5, 2009 (the "Petition Date"), each of the Debtors filed a petition with the Court for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases (the "Chapter 11 Cases"). On October 6, 2009, the Court entered an order [Docket No. 21] directing procedural consolidation and joint administration of these Chapter 11 Cases. On October 19, 2009, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Creditors Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code.

5. On October 10, 2009, the Debtors filed a motion (the "Sale Motion") [Docket No. 46] to approve a section 363 sale process to sell substantially all of their assets. Pursuant to the Sale Motion, the Debtors requested approval of bidding procedures for an auction process and a stalking horse asset purchase agreement with their first lien secured lenders (the "APA"). The Court entered an order [Docket No. 119] approving the requested bidding procedures, with minor changes, on October 26, 2009.

6. By order dated November 24, 2009 [Docket No. 240], the Bankruptcy Court approved the sale (the "Sale") of substantially all of the Debtors' assets to QMG Acquisition LLC (the "Buyer") pursuant to the terms of the APA. The sale transaction closed and the assets transferred pursuant to the terms and conditions of the APA on December 16, 2009 (the "Closing"). Subsequent to the Closing, the Debtors ceased all business operations.

2

YCST01:9800667.1   068808.1001

7. On January 26, 2010, the Court entered an order [Docket No. 331] authorizing the retention of CRG Partners Group LLC as the Debtors' chief restructuring officer and wind-down administrator, *nunc pro tunc* to the Closing (the "Wind-Down Administrator").

8. Pursuant to the APA, the Buyer agreed to fund up to $500,000 for the Wind-Down Administrator to wind down the estates' affairs (the "Post-Closing Fund"), including to investigate the potential causes of action that were the only assets of the estates excluded from the Sale to the Buyer that the Debtors believe might have potential value. Since the Closing, the Creditors Committee's professionals have conducted an investigation of such potential causes of action and have received compensation from the Post-Closing Fund on account of their services through March 2010. The Debtors have been informed by the Creditors Committee that they have completed their investigation and determined not to pursue any causes of action. Accordingly, the Creditors Committee has advised that it believes the relief requested is in the best interest of the estates and creditors and supports the relief sought in this Motion.

9. The Debtors set a claims bar date for all claims including non-professional administrative claims incurred through January 31, 2010. The claims bar date passed on March 31, 2010 for most claims (and April 5, 2010 for governmental claims). The Debtors believe that they have paid or will have paid all administrative claims before the hearing on this Motion.

## Relief Requested

10. By this Motion, the Debtors respectfully request the Court to enter an order, pursuant to sections 105(a) and 1112(b) of the Bankruptcy Code and Bankruptcy Rule 1017(a), dismissing their Chapter 11 Cases.[2]

---

[2] Alternatively, the Debtors seek dismissal of these chapter 11 cases under section 305(a) of the Bankruptcy Code, which provides, in relevant part, that "[t]he court, after notice and a hearing, may dismiss a case under [chapter 11 of the Bankruptcy Code] ... at any time if – (1) the interests of creditors and the debtor would be better served by such dismissal." 11 U.S.C. § 305(a)(1). As set forth more fully below, the dismissal of the Debtors' chapter 11 cases is

3
YCST01:9800667.1                                                                                                                                      068808.1001

## Basis for the Relief Requested

11. Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [chapter 11 of the Bankruptcy Code]." 11 U.S.C. § 105(a).

12. Section 1112(b) of the Bankruptcy Code provides that "on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested . . . dismissal is not in the best interests of creditors and the estate, the court shall . . . dismiss a case under [chapter 11 of the Bankruptcy Code] . . . if the movant establishes cause." Id. at § 1112(b)(1). The determination of cause and the decision to dismiss a chapter 11 bankruptcy case pursuant to section 1112(b) rests within the sound discretion of the court. See In re Nugelt, Inc., 142 B.R. 661, 665 (Bankr. D. Del. 1992) (stating that "[c]ourts have wide latitude in determining whether cause exists to convert or dismiss" a chapter 11 bankruptcy case); In re Young, 76 B.R. 376, 378 (Bankr. D. Del. 1987).

13. Section 1112(b)(4) of the Bankruptcy Code provides numerous statutory examples of "cause" for dismissal or conversion of a chapter 11 case, including the "absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4). However, a bankruptcy court is not constrained by those enumerated examples and may find "cause" based on the facts and circumstances of the particular chapter 11 case. See In re Nugelt, Inc., 142 B.R. at 665. The legislative history of section 1112(b) of the Bankruptcy Code also indicates that the list provided in sections 1112(b)(4)(A)-(P) of the Bankruptcy Code is nonexclusive, such that a bankruptcy court has the ability to dismiss a chapter 11 case for any reason cognizable to its equity powers. See H.R. Rep. No. 595, 95th Cong., 2d Sess. 405-06 (1978); see also Official Comm. of

---

in the best interests of the Debtors, their estates and creditors. Accordingly, the Debtors respectfully submit that the dismissal of these cases is also warranted under section 305(a) of the Bankruptcy Code.

Unsecured Creditors v. Nucor Corp. (In re SGL Carbon Corp.), 200 F.3d 154, 160 (3d. Cir. 1999); Carolin Corp. v. Miller, 886 F.2d 693, 699 (4th Cir. 1993).

14. The Debtors submit that sufficient cause exists for the dismissal of their Chapter 11 Cases, as they terminated their business operations and liquidated or disposed of substantially all of their assets through these proceedings, and the Creditors Committee has investigated and determined not to pursue any of the causes of action that remain with the estates.

15. As noted from the outset of these Chapter 11 Cases, since the Petition Date, the Debtors focused on preserving and maximizing the value of their estates for the benefit of their stakeholders. In furtherance of this goal, the Debtors sold substantially all of their operations and assets to QMG Acquisition LLC pursuant to the terms and conditions of the APA. In connection with the Sale, QMG Acquisition LLC assumed substantially all of the Debtors' operating liabilities and took an assignment of substantially all of the Debtors' executory contracts and unexpired leases. Subsequent to the Closing, the Debtors moved to reject those unexpired leases which were not assumed and assigned to QMG Acquisition LLC. Specifically, by order dated February 19, 2010 [Docket No. 379], the Debtors were authorized to reject certain unexpired leases.

16. Pursuant to the APA, the Buyer agreed to fund the Post-Closing Fund to allow the Wind-Down Administrator to wind down the estates' affairs, including to investigate the potential causes of action that were excluded from the Sale to the Buyer. Since the Closing, the Creditors Committee's professionals have conducted an investigation of such potential causes of action and have received compensation from the Post-Closing Fund on account of their services. The Debtors have been informed by the Creditors Committee that they have completed

their investigation and determined not to pursue any causes of action. Accordingly, as noted above, the Creditors Committee has advised that it supports the relief sought in this Motion.

17. Based on the foregoing, the Debtors have determined, in their business judgment, that there is no reasonable likelihood of their rehabilitation and that they are unable to effectuate a chapter 11 plan of liquidation, as there are no funds available for distribution to unsecured creditors and no remaining assets to be liquidated or recovered for the benefit of these estates. In light of QMG Acquisition LLC's successful credit bid, there is no prospect for additional distributions to general unsecured creditors aside from those liabilities QMG Acquisition LLC assumed pursuant to the APA. Moreover, given that the Creditors Committee has already performed an investigation, there is no need for an additional investigation by the Wind-Down Administrator regarding causes of action that were excluded from the Sale. In any case, at this point there are no additional funds in the Post-Closing Fund for the Wind-Down Administrator to pursue such an investigation.

18. Finally, because the Debtors are not aware of any remaining assets, the Debtors submit that converting their Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code would only create unnecessary administrative expenses (with no funds to pay them), with no prospect of recoveries, and is therefore unwarranted. Dismissing these Chapter 11 Cases, on the other hand, will eliminate the accrual of any administrative expense obligations and bring closure to these cases in a timely and efficient manner. Accordingly, the Debtors submit that sufficient cause exists to dismiss these Chapter 11 Cases, and that doing so is in the best interests of the Debtors' estates and creditors.

19. As further support for the relief requested herein, the Debtors also note that other courts in this District have approved dismissals of chapter 11 cases under

circumstances similar to the Debtors, where the debtor lacks the requisite financial ability to confirm a chapter 11 plan and/or the costs associated with plan confirmation would eliminate the possibility of a meaningful creditor recovery. See, e.g., In re KB Toys, Inc., Case No. 08-13269 (Bankr. D. Del. Feb. 16, 2010) (Carey, C.J.) (order authorizing the dismissal of chapter 11 cases); In re Badanco Acquisition LLC, Case No. 09-11638 (Bankr. D. Del. Sept. 24, 2009) (Sontchi, J.) (same).

## NOTICE

20. Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to the agent for the Debtors' prepetition first lien lenders; (iv) counsel to the agent for the Debtors' second lien lenders; (v) the Internal Revenue Service; (vi) the Securities and Exchange Commission, and (vii) those parties requesting notice pursuant to Rule 2002-1(b) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware. Additionally, the Debtors intend to serve a one-page notice of the filing of this Motion upon all known creditors, as identified in the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases and the proofs of claims filed by creditors with the Debtors' claims agent. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*Remainder of page intentionally left blank*

## CONCLUSION

WHEREFORE, the Debtors respectfully request the Court to enter an order, substantially in the form attached hereto as Exhibit A, dismissing their Chapter 11 Cases and granting such other and further relief to the Debtors as this Court deems just and proper.

Dated: Wilmington, Delaware
June 15, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Donald J. Bowman, Jr.
Michael R. Nestor (DE Bar No. 3526)
Donald J. Bowman, Jr. (DE Bar No. 4383)
Robert F. Poppiti, Jr. (DE Bar No. 5052)
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: mnestor@ycst.com
dbowman@ycst.com
rpoppiti@ycst.com

- and -

KIRKLAND & ELLIS LLP
James A. Stempel (admitted *pro hac vice*)
Erik W. Chalut (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: james.stempel@kirkland.com
erik.chalut@kirkland.com

Co-Counsel to the Debtors and Debtors in Possession